IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOSEPH LEE BETHUNE                                                                                              PLAINTIFF

v.                                      Civil No. 14-5078

SHERIFF KELLY CRADDUCK;
and CAPTAIN JEREMY GUYLL                                                                           DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights case filed by the Plaintiff pursuant to 42 U.S.C. § 1983. The Plaintiff proceeds *pro se* and *in forma pauperis.*

The Plaintiff is currently incarcerated in the Ouachita River Correctional Unit of the Arkansas Department of Correction. The claims at issue in this case arose while Plaintiff was incarcerated in the Benton County Detention Center (BCDC).

Defendants have filed a motion to dismiss (Doc. 14). Plaintiff has not responded. The motion to dismiss is before me for issuance of this report and recommendation.

### 1. Background

According to the allegations of the complaint (Doc. 1) and the addendum (Doc. 8), Plaintiff was booked into the BCDC on November 23, 2013. At the time, he was in convicted status.

Plaintiff maintains when he was booked in he was put into a two-man cell with three other inmates. This left inmates sleeping on the floor on mats. On an unspecified number of other occasions, Plaintiff alleges he was again housed in two man cells with "three people and one on the floor within 12 inches of the toilets."

When Plaintiff submitted a grievance via the jail's kiosk system, the response he received was: "That's just the way it is at this point in time."

Plaintiff named as Defendants the BCDC and Sheriff Cradduck. Plaintiff indicated he was suing the Defendants in their official capacities only. Captain Jeremy Guyll was substituted in the place of the BCDC because a detention facility is not a person subject to suit under § 1983.

Because Plaintiff indicated he was suing the Defendants in their official capacities only, he was ordered to complete a questionnaire to be filed as an addendum to the complaint. In the addendum, the Court explained the distinction between official and individual capacity claims. Plaintiff was asked whether he contended Benton County had an unconstitutional policy, he answered yes and stated:

> It is a growing procedure of Benton County to house inmates under inhumane, cruel and unnecessary conditions. I was housed in a cell built and designed for only two people on several occasions, with there being three people in the cell. On more than one of these occasions, I was forced to sleep directly on the concrete floor with my mat. The size of the cell dictates that being on the floor as I was my mat was within an unsanitary distance from the toilet.

Doc. 8 at pg. 2.

Plaintiff was also asked if Benton County had an unconstitutional custom. He responded no.

Plaintiff again stated that he was suing the Defendants in their official capacities only. Doc. 8 at pgs. 4-5. Plaintiff alleges that Sheriff Cradduck failed "to provide adequate housing within the facility and maintain humane living conditions for those, myself included, being housed at the Benton County Detention Facility." Id. at pg. 4. Plaintiff makes identical allegations against Captain Guyll. Id.

As relief, Plaintiff seeks an award of compensatory and punitive damages.

AO72A
(Rev. 8/82)

**2. Applicable Standard**

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)(quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" Braden, 588 F.3d at 594 (quoting Iqbal, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

**3. Discussion**

Defendants maintain they are entitled to the dismissal of this action because no plausible official capacity claim has been asserted. Alternatively, they argue that: Plaintiff's claims for compensatory damages are barred by the physical injury requirement of the Prison Litigation Reform Act (PLRA); and, they are immune from claims for punitive damages.

Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010).

In other words, the official capacity claims are treated as claims against Benton County. See Murray v. Lene, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." Atkinson v. City of Mountain View, Mo., 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Benton County's liability under § 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." Moyle v. Anderson, 571 F.3d 814, 817 (8th Cir. 2009)(citation omitted); see also Leatherman v. Tarrant County, Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 166 (1993).

The applicable law has been summarized as follows:

> There are two basic circumstances under which municipal liability will attach: (1) where a particular municipal policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful municipal policy or custom was adopted with "deliberate indifference" to its known or obvious consequences. *Seymour v. City of Des Moines*, 519 F.3d 790, 800 (8th Cir. 2008). There need not be a finding that a municipal employee is liable in his or her individual capacity before municipal liability can attach. *Speer v. City of Wynne*, 276 F.3d 980 (8th Cir. 2002); *Parrish v. Luckie*, 963 F.2d 201, 207 (8th Cir. 1992) ("A public entity or supervisory official may be held liable under § 1983 even though no government individuals were personally liable."). Where an official policy is itself unconstitutional or directs employees to take unconstitutional action, no evidence beyond a statement of the policy and its exercise is necessary to establish § 1983 liability. *Szabla v. City of Brooklyn Park*, 486 F.3d 385, 389-90 (8th Cir. 2007).

Moyle at pgs. 817-18.

In this case, Plaintiff maintains that Benton County has a growing policy of housing inmates in overcrowded and inhumane conditions. To establish the existence of an unconstitutional policy, the Plaintiff must point to "a deliberate choice of a guiding principle or

AO72A
(Rev. 8/82)

procedure made by the municipal official who has final authority regarding such matters." Mettler v. Whiteledge, 165 F.3d 1197, 1204 (8th Cir. 1999).  Plaintiff has failed to do so.

He has made no showing that there was a policy of housing inmates in cruel and unusual conditions of confinement.  He has not alleged that the overcrowding led to deprivations of essential food, medical care, or sanitation, or increased violence among other inmates or otherwise made the conditions intolerable.  Patchette v. Nix, 952 F.2d 158, 163 (8th Cir. 1991).  Similarly, merely having to sleep on a mattress on the floor does not state a claim of constitutional dimension.  Williams v. Delo, 49 F.3d 442, 444-46 (8th Cir. 1995).  Thus, even if Benton County did have a policy of on occasion putting three or four men in a two men cell and requiring some inmates to sleep on the floor, this does not amount to an unconstitutional policy.  In short, Plaintiff has failed to allege a plausible claim that the alleged unconstitutional housing conditions were the result of an official municipal policy.

Assuming for the sake of this motion, that a plausible official capacity claim has been stated, Defendants are correct that the lack of a physical injury bars a claim for compensatory damages.  Section 1997e(e) of the PLRA provides as follows:  "No Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).

The provision limits the available damages in the absence of a physical injury but does not preclude a Plaintiff from pursuing a claim.  See Royal v. Kautzky, 375 F.3d 720, 723 (8th Cir. 2004)(The physical injury requirement of the PLRA "limit[ed] recovery for mental or

emotional injury in all federal actions brought by prisoners" but does not bar the recovery of nominal and punitive damages).

Defendants are also correct that governmental entities are immune from punitive damages under § 1983. City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981).

### 4. Conclusion

For the reasons set forth above, I recommend that the motion to dismiss (Doc. 14) be granted as all claims asserted are frivolous or fail to state claims upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)- (iii) (in forma pauperis action may be dismissed on such grounds at any time). The dismissal of this case will constitute a strike under 28 U.S.C. § 1915(g). The Clerk should be directed to place a strike flag on the case.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 26th day of November 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE